1  Robert D. Prine (312432)
   robert.prine@dinsmore.com
2  DINSMORE & SHOHL LLP
   655 W. Broadway, Suite 800
3  San Diego, CA 92101
   Ph: (619) 400-0500
4  Fx: (619) 400-0501

5  Attorney(s) for Defendant
   UNITED PARCEL SERVICE, INC.

6

7

8

9  **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| A'LANNA LEWIS, an individual, | Case No.: 5:21-CV-2093 |
| Plaintiff(s), | **NOTICE OF REMOVAL** |
| v. | **[IMAGED FILE]** |
| UNITED PARCEL SERVICE, INC,, a Corporation; and DOES 1-10, Inclusive, | Dept.: TBD<br>Judge:   TBD |
| Defendant(s). | Complaint Filed: December 6, 2021<br>Trial Date:    Not Yet Set |

    United Parcel Service, Inc., (hereinafter "UPS"), by counsel and pursuant to 28 U.S.C. sections 1332, 1441, and 1446, hereby give notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, UPS states as follows:

**THE STATE COURT ACTION**

    1.    On December 6, 2020, Plaintiff A'Lanna Lewis ("Plaintiff") filed a complaint against UPS in the Superior Court of Riverside County, California in the matter entitled *A'Lanna Lewis v. United Parcel Service, Inc. and DOES 1-10,* Case No. CVRI2105491 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, summons, and all process and pleadings, which

were deemed served upon UPS in the State Court Action on December 7, 2021, are attached hereto as Exhibits A through G.

2. Plaintiff alleges in three paragraphs that, in connection with her brief employment with UPS, she was harassed and discriminated against by someone named "Fred." She then claims that "Ron" told Plaintiff, "'[t]his job isn't for you' and sent her home." She then claims she had multiple conversations with "Anthony" about the harassment and discrimination, but "nothing was resolved and plaintiff was not permitted to return to work or given the option of transferring to another position, away from Ron." As a result of this conduct, Plaintiff alleges the following causes of action against UPS: (1) hostile work environment under the Fair Employment and Housing Act ("FEHA"); (2) wrongful termination in violation of public policy; (3) retaliation under FEHA; and (4) failure to prevent discrimination, harassment, and retaliation under FEHA. (*See* Ex. A.) Plaintiff also demands a jury trial.

3. UPS disputes Plaintiff's allegations and believe each of Plaintiff's causes of action lack merit.

4. No further proceedings have occurred in the State Court Action.

5. To the best of UPS' knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## REMOVAL PROCEDURES AND VENUE

6. UPS has not filed an answer or otherwise responded to the Complaint. This Notice of Removal is filed within thirty (30) days of UPS's notice of the lawsuit and is timely filed under 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

7. In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

8. Pursuant to 28 U.S.C § 1446(d), UPS will file a duplicate copy of this Notice with the Clerk of the Superior Court for Riverside County, California.

9. In accordance with 28 U.S.C. § 1446(b), a venue is properly placed in the United States District Court for the Central District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for Riverside County, California).

10. Further, this action is not a worker's compensation action made non-removable by 28 U.S.C. § 1445(c).

## BASIS FOR REMOVAL

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

12. Plaintiff is an individual domiciled in the state of California. (Ex. A, Complaint, at ¶ 4.) Therefore, based on Plaintiff's Complaint, UPS in good faith believes that Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

13. For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. UPS is a corporation incorporated in the state of Ohio with its principal place of business located in Atlanta, Georgia. Accordingly, UPS is a citizen of the state of Ohio and the state of Georgia.

14. In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

\\\

15. Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

## AMOUNT IN CONTROVERSY

16. While the exact amount in controversy is unstated in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive specialty ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

17. Here, Plaintiff seeks, among other damages, recovery for "General and compensatory damages", as well as damages due to "humiliation, embarrassment, mental anguish and severe emotional and physical distress." Plaintiff has been out of work for over fifteen (15) months as of the time this Notice of Removal was filed. A calculation of lost wages and earnings coupled with Plaintiff's purported emotional distress is likely to exceed $75,000. Therefore, based upon a fair reading of Plaintiff's Complaint, these damages, more likely than not, exceed $75,000.00, if proven at trial.

18. While UPS disputes punitive damages are warranted in this case, Plaintiff also claims "punitive or exemplary damages" against UPS. (Ex. A, Complaint, at ¶ 25.) While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC,* 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) [citing *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003)].

19. Accordingly, based on the significant and varied alleged sources of damage above, UPS asserts in good faith that the total amount "at stake" for Plaintiff's claims alone exceeds $75,000.

20. Finally, "where the law entitled the plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in

controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

21. As demonstrated above, the minimum amount in controversy is more likely than not already satisfied without an analysis of a reasonable estimate of attorneys' fees. However, should there be any doubt or should Plaintiff argue otherwise, an analysis of a recoverable estimate of fees to be incurred through resolution of this matter further demonstrate that the minimum jurisdictional amount is satisfied. *See, e.g., Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 268 (N.D. Cal. Mar. 20, 2015) [awarding Plaintiff $250,000 in attorneys' fees and $21,747.28 in litigation costs in a wage an hour class suit alleging an employer failed to implement compliant meal and rest period policies].

22. Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by UPS pursuant to 28 U.S.C. § 1441(a).

## **RESERVATION OF RIGHTS**

23. UPS denies the allegations contained in Plaintiff's Complaint. UPS files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

24. Further, in making the assertions in this Notice of Removal, UPS does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

25. UPS further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, UPS respectfully requests that this action be removed to the United States District Court for the Central District of California, and the Superior Court of Riverside County, California proceed no further with respect to this action.

\\\

Dated: December 16, 2021

Respectfully submitted,

DINSMORE & SHOHL LLP

By: _____
Robert D. Prine

Attorney(s) for
UNITED PARCEL SERVICE, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on December 16, 2021, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Brent S. Buchsbaum
Laurel N. Haag
LAW OFFICES OF BUCHSBAUM & HAAG, LLP
100 Oceangate, Suite 1200
Long Beach, CA 90802
Tel: (562) 733-2498
Fax: (562) 628-5501
brent@buchsbauhaag.com
laurel@buchsbaumhaag.com

**Attorneys for
Plaintiff A'Lanna Lewis**

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

Robert D. Prine