# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 12/06/2021 09:08 AM
Case Number CVRI2105491 0000005782417 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

1 | **LAW OFFICES OF BUCHSBAUM & HAAG, LLP**
BRENT S. BUCHSBAUM, SBN#194816
2 | *brent@buchsbaumhaag.com*
LAUREL N. HAAG, SBN#211279
3 | *laurel@buchsbaumhaag.com*
100 Oceangate, Suite 1200
4 | Long Beach, California 90802
Tel: (562) 733-2498
5 | Fax: (562) 628-5501

6 | Attorneys for Plaintiff, A'LANNA LEWIS

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| A'LANNA LEWIS, an individual, | Case No.: CVRI2105491 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1) HOSTILE WORK ENVIRONMENT |
| UNITED PARCEL SERVICE, INC., a Corporation; and DOES 1-10, Inclusive, | (2) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| Defendants. | (3) RETALIATION |
| | (4) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION |
| | **JURY TRIAL DEMANDED** |

- 1 -
COMPLAINT

Plaintiff A'lanna Lewis ("Plaintiff") complains and alleges as follows:

## FACTUAL OVERVIEW

1. Plaintiff worked for UPS at its Riverside location at 20701 Krameria Avenue beginning in October of 2019. She worked as a "loader" and was responsible for scanning and loading packages. A trainer and supervisor named Fred immediately began to harass plaintiff, asking her if she "really wanted to work for UPS," and then brazenly advising her that she would be better off working as a "maid or babysitter." Fred also sexually brushed up against plaintiff during the training period, and when plaintiff told him to back off, he stated, "What, do you have cooties?" Later, he made unsolicited efforts to find out what religion plaintiff practiced, again becoming overly familiar with her and forcing her to tell him to act professionally.

2. A short time later, Ron approached plaintiff and said, "This job isn't for you" and sent her home. Plaintiff made efforts to address the situation with Human Resources, including having multiple conversations with Anthony about the harassment and discrimination. However, nothing was resolved and plaintiff was not permitted to return two work or given the option of transferring to another position, away from Ron.

3. In the aftermath of plaintiff's termination, she made written requests for her personnel file and pay records to help her investigate who was responsible for the retaliatory way she was treated, but UPS failed to respond, despite certified letters requesting the records, in clear violation of Labor Code §1198.5 and 226.

## GENERAL ALLEGATIONS

4. Plaintiff A'Lanna Lewis is, and at all relevant times was, an individual residing in the County of Riverside, California.

5. Defendant United Parcel Service, Inc. ("UPS") is a corporation doing business in the County of Riverside, California.

6. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

- 1 -
COMPLAINT

names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants. UPS and DOE defendants are hereafter collectively referred to as "Defendants."

8. Plaintiff presented an administrative claim to the Department of Fair Employment and Housing ("DFEH") and obtained a right to sue letter from the DFEH regarding all of the relevant factual allegations and legal claims asserted.

9. Plaintiff is informed and believes, and thereon alleges that during all relevant times, UPS regularly employed at least five (5) employees, bringing it within the provisions Government Code section 12940 *et seq.* (the California Fair Employment and Housing Act or "FEHA").

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Hostile Work Environment [Cal. Gov. Code § 12940(j)]**

**(By Plaintiff Against All Defendants)**

10. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

11. At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to take action to prevent a hostile work environment on account of race, and require an employer to take prompt remedial action to stop and deter racial harassment from occurring. See Government Code § 12940(j).

12. As described herein, Plaintiff was subjected to unwanted harassment on the basis of her sex and gender, which was severe and pervasive and cumulatively caused a hostile work environment and altered the conditions of her employment. UPS's failure to take any action at all in response to the complaints compounded the seriousness of the hostile work environment and ratified the underlying harassment.

13. Plaintiff provided notice to Defendants of the harassment, but Defendants failed to take corrective action and the harassment was, in part, carried out by a Supervisor and Trainer, for which Defendant UPS is strictly liable.

14. As a legal result of the harassment of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

15. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

16. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§ 12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

17. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

//
//
//
//
//

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (By Plaintiff Against all Defendants)

18. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

19. It is a violation of substantial California public policy to retaliate against an employee because of her gender or because of her resistance to sexual harassment or gender discrimination. See Government Code §12940(a)(h).

20. Plaintiff was discharged because of her gender and due to her resistance and complaints about a UPS supervisor's harassing acts.

21. The foregoing conduct by Defendants violates substantial public policies of the State, and was a substantial factor in causing plaintiff harm, including the termination of her employment, emotional distress, personal injury, loss of benefits and other associated damage, in an amount to be determined at trial and according to proof.

22. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## THIRD CAUSE OF ACTION

### Retaliation [Gov. Code § 12940(h)]

### (By Plaintiff Against UPS AND DOES)

23. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

//

//

24.   At all relevant times, the FEHA has precluded an employer from taking any adverse employment action against an employee who has engaged in protected conduct, such as complaining about or resisting sexual and/or gender-based harassment.

25.   As alleged herein, UPS retaliated against Plaintiff because she complained about mistreatment by terminating her employment and failing to conduct a good faith investigation into the harassing conduct. All of these incidences cumulatively amount to an adverse employment action.

26.   As a direct and proximate result of the retaliatory and illegal conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

27.   The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## FOURTH CAUSE OF ACTION

**Failure to Prevent Discrimination, Harassment, and Retaliation [Gov. Code § 12940(k)]**

**(By Plaintiff Against UPS AND DOES)**

28.   Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

29.   At all relevant times, the FEHA and has prohibited an employer from failing all necessary steps to prevent harassment, discrimination, and/or retaliation.

30.   UPS employed Plaintiff and is covered by the legal requirements of FEHA during all relevant times.

31.   During Plaintiff's employment, UPS failed to prevent discrimination, harassment, and retaliation toward Plaintiff on the basis of her sex and gender, and her complaints regarding the same, in violation of the FEHA, including California Government Code section 12940(k). UPS failed to take all reasonable steps necessary to prevent harassment, discrimination, and retaliation, including failing to

comply with DFEH laws and regulations, failed to offer adequate training and education, and failed to take adequate remedial action after becoming aware of the harassment, discrimination, and retaliation.

32. As a direct and proximate result of the discriminatory and illegal conduct of UPS, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish.

33. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiffs' rights and with the intent to vex, injure, and annoy Plaintiffs, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. General and compensatory damages;
2. Wages, civil penalties, and applicable statutory penalties;
3. Prejudgment interest;
4. Attorneys' fees and costs reasonably incurred;
5. Punitive and/or exemplary damage;
6. Equitable relief in the nature of declaratory relief and restitution of all monies due to Plaintiffs, disgorgement of profits from Defendants' unlawful business practices, and an accounting;
7. Such other relief that the Court deems proper.

Dated: December 1, 2021

LAW OFFICES OF BUCHSBAUM & HAAG
A Limited Liability Partnership

By_____
Brent S. Buchsbaum, Attorneys for Plaintiff
A'LANNA LEWIS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: December 1, 2021

LAW OFFICES OF BUCHSBAUM & HAAG
A Limited Liability Partnership

By _____
Brent S. Buchsbaum, Attorneys for Plaintiff
A'LANNA LEWIS